IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Respondent | § § | |
| v. | § § | C.R. No. H-01-750 |
| | § | C.A. No. H-05-2173 |
| DAVID MICHAEL ROSENBLUM, | § § | |
| Petitioner | § | |

## **ORDER**

Pending before the Court are Petitioner David Michael Rosenblum's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Criminal Document No. 26; Civil Document No. 1) and the Motion to Dismiss (Criminal Document No. 28) filed by the United States. Having considered the motions, submissions, and applicable law, the Court determines that Rosenblum's § 2255 motion should be denied and the Government's motion should be granted.

## I. PROCEDURAL HISTORY

David Michael Rosenblum ("Rosenblum") was charged with bank robbery in violation of 18 U.S.C. § 2113. On November 13, 2001, Rosenblum pled guilty to the charge without a plea agreement. Rosenblum's offense carried a statutory maximum punishment of 20 years. The United States Probation Department determined that, pursuant to the United States Sentencing Guidelines ("USSG"), Rosenblum had 11

criminal history points, which gave him a criminal history category of V. At sentencing on February 6, 2002, this Court granted the Government's request for upward departure from criminal history category V to VI under USSG § 4A1.3.[1] The Court's basis for the upward departure was Rosenblum's lengthy criminal history and a likelihood of recidivism. The Court sentenced Rosenblum to 87 months in prison, which is to be followed by three years of supervised release, and a $100 special assessment. The U.S. Court of Appeals for the Fifth Circuit affirmed the judgment of conviction and sentence on December 13, 2002. Rosenblum's petition for writ of certiorari was denied by the Supreme Court on April 28, 2003. In the instant motion, which was filed on June 21, 2005, Rosenblum alleges the Court's upward departure was unconstitutional.

## II. LAW & ANALYSIS

### A. TIMELINESS

Section 2255 establishes a one-year time limit within which to file a Motion to Vacate, Set Aside or Correct Sentence. 28 U.S.C. § 2255 (2000). This time limit begins to run from the latest of "(1) the date on which the judgment of conviction becomes final . . . [or] (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." *Id.*

---

[1] With the upward departure, the guideline sentence range was between 70 and 87 months.

> *1. Section 2255 allows for the filing of a Motion to Vacate, Set Aside or Correct Sentence up to one year from the date judgment becomes final.*

Rosenblum's judgment became final on April 28, 2003 when the Supreme Court denied his petition for writ of certiorari. *See United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000). Thus, Rosenblum had until April 28, 2004 to file his § 2255 motion. *See* 28 U.S.C. § 2255. Because Rosenblum is incarcerated, his § 2255 motion was considered filed when he delivered it to prison officials to be mailed. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Rosenblum signed the certificate of service on his memorandum in support of the § 2255 motion on June 21, 2005. It is presumed that Rosenblum delivered the motion to prison officials on the date he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Therefore, Rosenblum's motion is deemed filed on June 21, 2005. Because Rosenblum filed his § 2255 motion fourteen months after the April 28, 2004 filing deadline, he cannot claim his motion is timely pursuant to 28 U.S.C. § 2255.

> *2. Section 2255 allows for the filing of a Motion to Vacate, Set Aside or Correct Sentence up to one year from the date the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.*

Rosenblum asserts that the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), which were both decided after his appeals had been exhausted, recognized rights retroactively

applicable to his sentencing. Specifically, he argues that *Blakely* and *Booker* support his assertion that his sentence was unconstitutionally increased beyond the statutory maximum based on facts not found by a jury and to which he did not plead guilty. Further, he argues these rights were made retroactive by the Supreme Court within one year of the filing of his motion, thus making his § 2255 motion timely. *See* 28 U.S.C. § 2255.

Rosenblum's reliance on *Blakely* is misplaced because that case applied only to the state of Washington's sentencing scheme. *Blakely*, 542 U.S. at 298–300. In *Blakely*, the defendant was convicted of a state offense and sentenced under that state's sentencing guidelines. *Id.* The Supreme Court held Blakely's sentence was unconstitutionally increased by the trial judge. *See id.* at 303–04. Here, Rosenblum was convicted of a federal offense. Thus, the Court used federal guidelines in assessing Rosenblum's sentence. Therefore, whether retroactive or not, *Blakely* does not apply to Rosenblum's motion.

Likewise, the *Booker* decision has no effect on the timeliness of Rosenblum's filing.[2] While the Fifth Circuit has not yet addressed the applicability of *Booker* to initial collateral review, it recently held that *Booker* is not retroactive on collateral

---

[2]Initially, it should be noted that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the case on which *Booker* is based, is not retroactively applicable to initial § 2255 motions. *United States v. Brown*, 305 F.3d 304, 309 (5th Cir. 2002).

4

review in the context of a successive motion under § 2255. *See In re Elwood*, 408 F.3d 211, 212–13 (5th Cir. 2005). Additionally, six sister circuits have held that *Booker* is not retroactive on collateral review. *See Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 615–16 (3d Cir. 2005), *cert. denied*, 126 S. Ct. 288 (2005); *Cirilo-Munoz v. United States*, 404 F.3d 527, 532–33 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860–63 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 199 (2005); *Varela v. United States*, 400 F3d. 864, 868 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 312 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005), *cert. denied*, 125 S. Ct. 2559 (2005).

Also, the Supreme Court has made clear that *Apprendi* and its progeny established a new rule of criminal procedure. *Schriro v. Summerlin*, 542 U.S. 348, 353–54 (2004). *Teague v. Lane*, 489 U.S. 288 (1989) is instructive as to the retroactivity of new rules of criminal procedure. *Teague* acknowledged the general proposition that a new rule of criminal procedure is not applicable to cases which have become final before the rule is announced. *Teague*, 489 U.S. at 310. However, a new rule of criminal procedure will apply retroactively if is a watershed rule "implicating the fundamental fairness and accuracy of the criminal proceeding." *Beard v. Banks*, 542 U.S. 406, 416 (2004) (discussing *Teague*, 489 U.S. 288 (1989)). This exception

5

is extremely narrow. *Lloyd*, 407 F.3d at 614. The Supreme Court itself has noted that it has "yet to find a new rule that falls under the *Teague* exception." *Beard*, 542 U.S. at 416–17.

In *Booker* the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. Because the federal sentencing guidelines had the force and effect of law at the time *Booker* was decided, the sentencing ranges therein were generally mandatory. *Id.* at 749–50. However, in *Booker*, the Supreme Court also excised those provisions of the Federal Sentencing Act that made the federal sentencing guidelines mandatory. *Id.* at 756–57.

This Court finds persuasive the Second Circuit's holding in *Guzman* that "*Booker* did not establish a watershed rule because 'the only change [is] the degree of flexibility judges . . . enjoy in applying the guideline system." *Guzman*, 404 F.3d at 143 (quoting *McReynolds*, 397 F.3d at 481).[3] Rosenblum's judgment became final before the decision in *Booker*, and *Booker* did not establish a watershed rule of criminal

---

[3]It should also be noted that the remedy in *Booker*—making the federal sentencing guidelines merely advisory—gave judges greater discretion, not less.

procedure. Therefore, under the *Teague* analysis, *Booker* is not retroactively applicable to Rosenblum's collateral attack.

Furthermore, in *Tyler v. Cain*, 533 U.S. 656 (2001), the Supreme Court held "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler*, 533 U.S. at 663 (quotation in original quoting 28 U.S.C. § 2244(b)(2)(A)). The Supreme Court has never held *Booker* to be retroactively applicable to cases on initial collateral review.[4] In fact, in *Booker*, the Court stated only that its holding would apply "to all cases on *direct* review." *Booker*, 125 S. Ct. at 769 (emphasis added). For these reasons, *Booker* is not retroactively applicable to cases on initial collateral review. Consequently, neither the decision in *Blakely* nor that in *Booker* saves Rosenblum's untimely motion.

> 3. *The doctrine of equitable tolling permits late filing in rare and exceptional circumstances.*

A late filing may be permitted by the court under the doctrine of equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, nothing in the record indicates a valid reason for the application of the doctrine to Rosenblum's motion as Rosenblum has offered no explanation for the late filing. Rosenblum's *pro se* status does not qualify as a rare and exceptional circumstance in considering the applicability of the doctrine. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

---

[4] The same is true of the Supreme Court's decisions in *Apprendi* and *Blakely*.

Likewise, the fact that Rosenblum is incarcerated is not a rare and exceptional circumstance for this purpose. *Id.* The doctrine of equitable tolling, therefore, is of no aid to Rosenblum.

Rosenblum did not file his § 2255 motion within one year of the final judgment of his conviction. Additionally, no right applicable to Rosenblum's motion has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. Furthermore, the doctrine of equitable tolling has no applicability to Rosenblum's motion. Accordingly, Rosenblum's § 2255 motion is time-barred and must be dismissed.

B.  SUBSTANTIVE ARGUMENT

Even if Rosenblum's § 2255 motion was timely, it would fail. Rosenblum argues that the Supreme Court's decisions in *Blakely* and *Booker* support his contention that this Court unconstitutionally increased his sentence based on facts to which he did not plead guilty and which were not found by a jury. As established in part II(A)(2) above, the holding in *Blakely* is not applicable to Rosenblum's motion and *Booker* is not retroactive to cases on initial collateral review. Furthermore, Rosenblum previously challenged this Court's discretion to upwardly depart from the federal sentencing guidelines on direct appeal to the Fifth Circuit. Because the issue was raised and considered on direct appeal, Rosenblum cannot pursue the same issue on collateral

review. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979); *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978); *Vernell v. United States*, 559 F.2d 963, 964 (5th Cir. 1977). For theses reasons, Rosenblum's substantive argument fails. Accordingly, the Court hereby

ORDERS that David Michael Rosenblum's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Criminal Document No. 26; Civil Document No. 1) is DENIED. The Court further

ORDERS that the Government's Motion to Dismiss (Criminal Document No. 28) is GRANTED.

SIGNED at Houston, Texas, on this 29th day of November, 2005.

_____

DAVID HITTNER

United States District Judge